PER CURIAM.
Arnold Barnett petitions this court for a writ of certiorari to' review a series of circuit court orders requiring his appearance at a deposition and imposing sanctions for his non-attendance at a previously scheduled deposition.
These proceedings stem from the efforts of Zoecon Corporation (Zoecon) to enforce a judgment obtained against Barnett in California. After recording the judgment in Hillsborough County,[1] Zoecon attempted to schedule a deposition in aid of execution. When Barnett failed to appear for that deposition (set for January 14, 1992), Zoe-con filed a motion to compel and a demand for attorneys’ fees. That motion was granted after a February 13 hearing which Barnett also failed to attend.
In addition to awarding fees as requested, the circuit court ordered Barnett to appear for deposition March 5. Two days after that order was rendered, Barnett submitted his response to Zoecon’s motion, along with various other pleadings including a motion to vacate the order. Among other things, Barnett asserted (through counsel) that he was presently outside the United States and would not return until after the March 5 deposition date. Zoecon responded with a motion for contempt, which it scheduled (with one day’s notice) for hearing March 5 in a different city than the deposition. Barnett appeared for neither the Jacksonville deposition nor the Tampa motion hearing.[2] The trial court subsequently entered a single order granting Zoecon’s motion for sanctions and denying Barnett’s motion to vacate.[3]
A substantial portion of the pleadings in this case are devoted to the circumstances of Barnett’s non-appearance at the various depositions and hearings. Without detail *762 ing these, we believe the record is sufficient to raise a factual dispute whether Barnett received adequate notice of either the January 14 deposition or the February 13 hearing, and thus whether an award of sanctions is justified.[4] Accordingly, we grant the petition for writ of certiorari to the extent we direct the trial court, after remand, to schedule a full hearing — with all parties present, after reasonable notice — to resolve these issues. In the event the court finds that none of Barnett’s objections are well-founded, it may impose sanctions accordingly, including reasonable attorneys’ fees for these appellate proceedings. Any party aggrieved by the subsequent action of the circuit court must file a timely request to obtain further appellate review.
Petition granted.
' RYDER, A.C.J., CAMPBELL and ALTENBERND, JJ., concur.

.A collateral issue in this proceeding concerns Zoecon’s compliance with the Florida Enforcement of Foreign Judgments Act, §§ 55.501-55.-509, Fla.Stat. (1991). The record reveals no defects in the steps taken by Zoecon to domesticate the foreign judgment. Accordingly, Barnett is a "party” and therefore susceptible to service by mail. See Fla.R.Civ.P. 1.080(b), 1.560. And see Winfield v. Brompton Air Services, 443 So.2d 466 (Fla. 4th DCA 1984).

. His attorney, who practices in Jacksonville, did appear for the deposition, which of course could not proceed without Barnett.

. We cannot tell from the record before us when, or whether, Barnett's motion was scheduled for hearing. Zoecon’s notice refers only to its own motion for contempt.

. If the circuit court finds Barnett had notice of the first attempted deposition, but willfully failed to appear, Zoecon obviously would be entitled to sanctions. The notice provided by Zoecon of the February 13 hearing presents entirely a separate issue. Barnett would have the right to reasonable notice prior to the imposition of sanctions, in order to present any defenses he might have and to argue the reasonableness of such sanctions. (For example, he maintains that he should not be responsible for the "useless” trip to Florida by Zoecon’s California counsel.) The validity of the February 13 hearing also relates to yet another issue raised by Barnett, the reasonableness of the March 5 deposition date. It is entirely possible that Barnett could deserve sanctions for his actions pri- or to February 13, yet still have a valid basis to object to a March 5 date.